**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Juan Victor Munoz, ) | No. CV-12-02240-PHX-FJM |
| ) | No. CR-09-00784-1-PHX-FJM |
| Petitioner, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| ) | |

The court has before it petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 1), respondent's response (doc. 9), and the report and recommendation of the United States Magistrate Judge recommending that the motion be denied (doc. 12). We also have before us petitioner's objection to the report and recommendation (doc. 17), and petitioner's motion for leave to amend his § 2255 motion (doc. 15).

Petitioner was found guilty by a jury of conspiracy to possess with intent to distribute cocaine, possession of a firearm, and felon in possession of a firearm, and was sentenced to a total of 180 months imprisonment. Petitioner asserts one ground for relief—that he was denied effective assistance of counsel when his lawyer failed to inform him of the deadline to accept the government's proposed plea agreement. He asserts that he wanted to accept the plea agreement, but his lawyer advised him against it, and that by following his lawyer's

1   advice and not signing the plea, he received an additional five years in prison.

2         In his only objection to the report and recommendation, petitioner argues that he was
3   prejudiced by following counsel's advice not to accept the plea agreement.  He contends that
4   he would have pled guilty instead of going to trial but for counsel's ineffective assistance.
5   We need not reach the prejudice prong of the Strickland analysis, however, because we agree
6   with the Magistrate Judge's conclusion that counsel's performance was not deficient.  The
7   Magistrate Judge found that counsel exercised reasonable professional judgment in assuming
8   that the Government would not withdraw the plea offer.  Moreover, petitioner was physically
9   present at the final pretrial conference when government counsel stated in open court that the
10  plea agreement would be withdrawn if it was not signed that day.  Therefore, after a *de novo*
11  review, we accept the decision of the United States Magistrate Judge recommending that the
12  motion to vacate, set aside or correct sentence be denied (doc. 12).

13        Petitioner also moves to amend his §2255 motion in order to assert two new grounds
14  for relief.  A petition under 28 U.S.C. § 2255 must be filed within one year from "the date
15  on which the judgment of conviction becomes final."  28 U.S.C. § 2255(f)(1).  Petitioner's
16  conviction became final on October 27, 2011, when the Ninth Circuit denied his appeal.
17  Petitioner filed his motion to amend his habeas petition on December 18, 2013, more than
18  one year after the statute of limitations expired.  Therefore, unless petitioner's proposed
19  amendments relate back to the date of the original petition, they are barred by the one-year
20  statute of limitations.

21        Rule 15(c)(1)(B), Fed. R. Civ. P., provides that an amendment of a pleading relates
22  back to the date of the original pleading when the claim or defense asserted in the amended
23  pleading "arose out of the conduct, transaction, or occurrence set out–or attempted to be set
24  out–in the original pleading."  The Supreme Court has rejected a broad reading of "conduct,
25  transaction, or occurrence" when determining whether an amended habeas petition relates
26  back to the original.  Mayle v. Felix, 545 U.S. 644, 649, 125 S. Ct. 2562, 2566 (2005).  The
27  Court held that an amended petition does not relate back "when it asserts a new ground for
28  relief supported by facts that differ in both time and type from those the original pleading set

- 2 -

forth." Id.

Petitioner seeks to add two new grounds for relief. First, he claims that his conspiracy conviction was unlawful because his agreement to join the conspiracy was induced under false pretenses by a federal agent, rendering the agreement void or invalid. Second, petitioner seeks to add a claim of ineffective assistance of counsel for his counsel's failure to request a jury instruction that he cannot "conspire" with a government agent. Both of these new grounds for relief are supported by facts that differ both in time and type from those set forth in the original petition. Therefore, these claims do not relate back to the original petition and are accordingly barred by the one-year statute of limitations.

**IT IS ORDERED DENYING** petitioner's motion to vacate, set aside or correct sentence (doc. 1).

**IT IS ORDERED DENYING** petitioner's motion to amend (doc. 15).

**IT IS FURTHER ORDERED DENYING** a certificate of appealability and leave to proceed *in forma pauperis* on appeal because petitioner has not made a substantial showing of the denial of a constitutional right.

DATED this 30th day of December, 2013.

*Frederick J. Martone*

Frederick J. Martone
Senior United States District Judge